**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40472
Summary Calendar

WARDELL MOORE,

Plaintiff-Appellant,

versus

ELMO GRANT, JR.; DUSTIN MATHEWS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-99-CV-98
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

Wardell Moore, Texas prisoner #845237, appeals the district court's grant of defendants' summary-judgment motion and its dismissal of his civil rights complaint, raising claims of malicious prosecution and civil conspiracy against the above-named defendants. We review a district court's award of summary judgment *de novo*. Banks v. E. Baton Rouge Parish Sch. Bd., 320 F.3d 570,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

575 (5th Cir. 2003).  Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).

Moore argues that, after he pleaded guilty to resisting arrest in connection with his March 1997, arrest, the defendants conspired to bring an indictment against him for assaulting a public servant in connection with that same arrest and that the defendants' actions violated the Double Jeopardy Clause and constituted malicious prosecution.  Even assuming that this Court recognizes a Fourth Amendment right to be free from malicious prosecution, the summary judgment evidence does not establish the following required elements of a malicious prosecution claim under Texas law:  the prosecution for the assault charge was caused by Officers Mathews and Grant; the charge was terminated in favor of Moore; Moore was innocent of the assault charge; the charge was brought without probable cause; and the officers, with malicious intent, caused the prosecution of the assault charge so that Moore would be punished twice for the same conduct.  See Brown v. Nationsbank Corp., 188 F.3d 579, 586 (5th Cir. 1999); see also Gordy v. Burns, 294 F.3d 722, 726 (5th Cir. 2002); Evans v. Ball, 168 F.3d 856, 859 (5th Cir. 1999); TEX. PENAL CODE ANN. § 22.01(a) and (b)(1).  Accordingly, the district court did not err in granting summary judgment with respect to Moore's malicious prosecution claims.  As Moore's malicious prosecution claims fail so do does

2

his conspiracy claims.  <u>Kerr v. Lyford</u>, 171 F.3d 330, at 339 (5th Cir. 1999).

Moore argues that the Southern District of Texas was bound under the law of the case doctrine by the Western District's finding that his malicious prosecution claims were non-frivolous. The law of the case doctrine is inapplicable in this case because the district court in the Western of District of Texas merely concluded that Moore's malicious prosecution claims should not be dismissed pursuant to 28 U.S.C. § 1915(g) and did not render a final decision with respect to those claims.  <u>Cf</u>. <u>Loumar, Inc. v. Smith</u>, 698 F.2d 759, 762 (5th Cir. 1983).

Moore's argument that the defendants' failure to object to the Western District's decision not to dismiss his malicious prosecution claims under 28 U.S.C. § 1915 waived their defenses in connection with the ultimate litigation of those claims is also without merit.  The district court's grant of defendants' summary-judgment motion and the dismissal of Moore's civil rights complaint is therefore **AFFIRMED**.